IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

RICHARD ALLEN EPPENBAUGH, JR.

                    Debtor(s).

CASE NO. BK19-80335

CH. 7

## ORDER

This matter is before the court on the motion to avoid lien (Fil. #6) filed by Debtor.  Samuel J. Turco, Jr. represents the Debtor.  There is no appearance by Mid American Title Loan.  This order contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (K).

The motion suffers from multiple fatal defects, and is denied.

Debtor's motion is entitled "Motion to Avoid Lien of Mid American Title Loan in Exempt Tools of the Trade Property."  In its entirety, the motion states as follows:

COMES NOW the Debtor(s) in the above entitled matter, by and through the below undersigned attorney, and hereby moves the Court for an Order avoiding the lien of Mid American Title Loan for the following reasons.

1. That Section 522(f) of the Bankruptcy Code provides that a debtor may avoid the fixing of nonpossessory, nonpurchase-money lien in exempt property.
2. That Bankruptcy Rule 4003(d) provides for the avoidance of the above-described lien by Motion in accordance with Rule 9013.
3. That the Debtor has claimed an exemption under Nebraska Revised Statute Section Neb. Rev. Stat, § 25-1556(e)~Motor vehicle (one per debtor), for a 2005 Subaru Legacy GT Limited.
4. That Mid American Title Loan, may claim a lien in the Debtor's vehicle, the same comprising a lien in the exempt property.  The 2005 Subaru Legacy GT Limited has a fair market value of $3,475.00.
5. The debtor is currently self-employed performing odd jobs requiring the use of his vehicle.

WHEREFORE, the debtor prays that the Court avoid the lien in exempt property claimed by Mid American Title Loan pursuant to the statutory provisions, and for such other and further relief as the Court deems just and equitable.

The proof of service indicates the motion was served on "Mid American Title Loan" at 110 Liberty Lane, Rockport, Missouri 64482. Mid American Title Loan has not filed a response to the motion. Due to defects with regard to service of process as well as the merits, the motion must be denied.

*Service of Process*

The first problem with the motion pertains to service of process. As a general matter, when a pleading such as this motion to avoid lien is filed, the goal is to alter the legal rights of the opposing party. Lien avoidance is a significant alteration of a creditor's legal rights. Therefore, notice and opportunity to be heard are of paramount importance. For that reason, this district has enacted Local Rule 4003-1 which, in addition to describing the allegations that must be included in the motion, provides as follows regarding notice of the motion:

> If a proof of claim has been filed by the creditor whose lien is to be avoided, the motion to avoid lien and notice pursuant to Neb. R. Bankr. P. 9013-1 shall be served on the creditor at the address for notice set forth in the proof of claim. If no proof of claim has been filed, the motion and notice pursuant to Neb. R. Bankr. P. 9013-1 shall be served on the creditor in a manner that would be sufficient service of process under the Federal Rules of Civil Procedure.

The overarching goal of the notice provision in the local rule is to ensure that the court can exercise jurisdiction over an entity – whether it has subjected itself to the jurisdiction of the court by filing a proof of claim, or whether jurisdiction has been achieved through proper service of process. In this no-asset Chapter 7 case, no proof of claim deadline has been established and no claims have been filed. Therefore, under the local rule, the motion must be served on the opposing party in a manner that is sufficient for service of process under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Ideally, the motion would have some additional detailed allegations regarding the creditor, Mid American Title Loan. Here, there are no allegations in the motion to properly identify Mid American Title Loan. That is, what type of entity it may be (a corporation, LLC or partnership), or where it is organized. Such allegations are important for several reasons, not the least of which is to ensure that the named defendant is the proper name of the entity intended to be the defendant. There could be numerous entities in various states having the words "Mid American Title Loan" in their proper name and, therefore, it is impossible to determine which entity is the defendant in this case.

- 2 -

Assuming any issues as to the proper name of the creditor are resolved, the next issue preventing entry of an order granting the motion pertains to the manner of service of process. Service of process is governed by Bankruptcy Rule 7004 and Federal Rule of Civil Procedure 4. Here, it appears that service was attempted to be made by mailing the motion to the creditor name at a street address, without mention of an individual or officer or agent at that address. Mailing notice to a non-descript street address without naming an officer or agent is also insufficient. There are a number of ways to serve entities clearly set forth in the Federal Rules of Civil Procedure and Bankruptcy Rule 7004. Debtor failed to follow those rules and, therefore, the motion must be denied for lack of jurisdiction.

*Lien Avoidance*

Even if service of process had been properly completed, the motion must still be denied on its merits. Debtor is simply asserting that he is entitled to a motor vehicle exemption under Nebraska law, and is attempting to avoid a lien against that motor vehicle held by Mid American Title Loan under 11 U.S.C. § 522(f).

11 U.S. § 522(f) provides in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
> . . .
>> (B) a nonpossessory, nonpurchase-money security interest in any —
>>> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>>> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>>> (iii) professionally prescribed health aids for the debtor or dependent of the debtor.

The court will accept as true the assertion in paragraph 1 that the lien of Mid American Title Loan is a nonpossessory, nonpurchase-money security interest. Debtor fails to identify which subcategory of § 522(f)(1)(B) he believes covers the motor vehicle, although he seems to be asserting that the vehicle is a tool of the trade. In fact, a review of those subcategories reveals that the only one that could possibly include a motor vehicle by any stretch of the imagination would be the reference to tools of the trade in subparagraph (ii). Interestingly, Debtor has claimed a motor vehicle exemption under Neb. Stat. § 25-1556(e), which is an exemption for "motor vehicles" without mention of any requirement that the vehicle be a tool of the trade. In fact, subparagraph (d) of that exemption statute describes the tool of trade exemption, which specifically *excludes* motor vehicles from its application. However, federal law, *not* state law, determines the availability of lien avoidance under § 522(f):

- 3 -

However, lien avoidance is a federal remedy to be interpreted by the federal courts. *Heape v. Citadel Bank of Independence (In re Heape)*, 886 F.2d 280, 282 (10th Cir. 1989); *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir. 1984). "Although a state may elect to control what property is exempt under state law, federal law determines the availability of a lien avoidance." *Thompson* at 630; *see also Hart v. Crawford (In re Hart)*, 332 B.R. 439, 444 (D. Wyo. 2005) ("federal law controls exemptions generally and exemption procedures"). "[T]he 'opt out' provision of § 522(b)(2)(A) allows state law to determine only what property may be exempted from the estate." *In re Graettinger*, 95 B.R. 632, 634 (Bankr. N.D. Iowa 1988).

*Cleaver v. Warford (In re Cleaver)*, 407 B.R. 354 (B.A.P. 8th Cir. 2009).

In *Cleaver*, the B.A.P. stated "[t]he fact that an exemption claimed by debtors is in property that is not considered a 'tool of the trade' under state law is irrelevant to the issue of whether the lien can be avoided." *Id.* at 358. The B.A.P. remanded the case to the bankruptcy court to allow the debtors to "try to prove that the [vehicle] is a tool of the trade as a matter of federal law and that the lien impairs an exemption to which they would otherwise be entitled." *Id.* at 359. At its essence, *Cleaver* holds that the bankruptcy court must first look to see if the creditor has a nonpossessory, non-purchase money security interest in a tool of the trade as defined by federal law. If so, the bankruptcy court then looks to state law to determine if the lien impairs an exemption to which the debtors would have been entitled. The exemption can be *any* exemption to which the debtors would have been entitled and does *not* need to be a tool of the trade exemption.

Although *Cleaver* did not reach the ultimate issue of whether the vehicle in that case was in fact a tool of the trade, it did state "[t]he Eighth Circuit has adopted a test to determine whether a vehicle is a tool of the trade, and that is: 'the reasonable necessity of the item to the debtor's trade or business.'" 407 B.R. at 358 (citing *Prod. Credit Assoc. of St. Cloud v. LaFond (In re LaFond)*, 791 F.2d 623, 627 (8th Cir. 1986) (quoting *Seacord v. Commerce Bank of Blue Hills (In re Seacord)*, 7 B.R. 121 (Bankr. W.D. Mo. 1980)). In making that determination, a court should consider (1) the intensity of the debtor's past business activities; (2) the sincerity of the debtor's intention to continue the business; and (3) evidence that the debtor is "legitimately engaged in a trade which currently and regularly uses the specific implements or tools . . . on which lien avoidance is sought." *LaFond*, 791 F.2d at 626 (citations omitted). A car that is used solely for commuting is not a tool of the trade. *In re King,* 451 B.R. 884, 887 (Bankr. N.D. Iowa 2011) (stating, "It is fairly well settled that a car used only for commuting purposes cannot be considered a tool of debtor's trade.") (citations omitted).

Debtor's motion fails to contain sufficient information to determine whether Debtor is even asserting that the motor vehicle is a tool of the trade under federal law, and fails to contain any facts to support any such assertion.  Simply stating that debtor is "self employed performing odd

jobs requiring the use of his vehicle" is not sufficient. The motion simply fails to contain enough information to determine whether the subject vehicle could be considered a tool of the trade of the Debtor under federal law.

IT IS, THEREFORE, ORDERED that the motion to avoid lien (Fil. #6) is denied, without prejudice.

DATE:  April 1, 2019.

BY THE COURT:


/s/Thomas L. Saladino
Chief Judge

Notice given by the court to:
*Samuel J. Turco, Jr.
Brian Kruse, Chp. 7 Trustee
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.